# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEREK MILLS,**

    Plaintiff,

v.                                                 Case No. 20-CV-381

**LT. NELSON and
SGT. DREHMEL,**

    Defendants.

## SCREENING ORDER

Plaintiff Derek Mills, an inmate confined at Waupun Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. This matter is now before me on Mills' motion for leave to proceed without prepaying the filing fee and for screening his complaint.

The court has jurisdiction to resolve Mills' motion to proceed without prepaying the filing fee and to screen the complaint in light of his consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

1. *Motion for Leave to Proceed without Prepaying the Filing Fee*

The Prison Litigation Reform Act (PLRA) applies to this case because Mills was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without

prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On April 2, 2020, the court ordered Mills to pay an initial partial filing fee of $4.16. (ECF No. 6.) Mills paid that fee on April 16, 2020. I will grant Mills' motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

2. *Screening the Complaint*

    *2.1 Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain

2

enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and it holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*2.2 Analysis*

To state a claim under the Eighth Amendment for failure to protect, an inmate must allege that a prison official knew of and disregarded an excessive risk to his health or safety. *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). Mills alleges that defendants Lt. Nelson and Sgt. Drehmel failed to protect him from an inmate who they knew had threatened him. Mills explains that, on December 17, 2019, another inmate passed him a kite (prison slang for a note) that stated, "Aye bitch ass dude your [sic] going to run that canteen tonight or we're going to fight." (ECF No. 1 at 2.)

3

Mills asserts that he gave the kite to Drehmel and told him that he feared for his safety. He also told Nelson about the kite and told him that he had given it to Drehmel. According to Mills, Nelson told him they were going to lock the inmate up and that he would be safe.

Mills asserts that later that day, he came out for meals and saw the inmate standing at the cell hall memo board. The inmate allegedly said, "I am beating your ass when we come back from dinner." (ECF No. 1 at 3.) Mills explains that after dinner, he passed the inmate's cell, at which time the inmate struck him in the face. After Mills told a correctional officer (who is not a defendant) what happened, the inmate was placed in segregation.

On these allegations, Mills states a claim against Drehmel and Nelson that they failed to protect him from another inmate after Mills told them that the inmate had threatened him.

**THEREFORE, IT IS ORDERED** that Mills' motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Nelson and Drehmel. It is **ORDERED** that, under the informal service agreement, those defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of Mills shall collect from his institution trust account the $345.84 balance of the filing fee by

collecting monthly payments from Mills' prison trust account in an amount equal to 20% of the preceding month's income credited to Mills' trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Mills is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Mills is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Mills is further advised that failure to make a timely submission may result in the dismissal of this case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 22nd day of April, 2020.

**BY THE COURT:**

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

6

Case 2:20-cv-00381-NJ   Filed 04/22/20   Page 6 of 6   Document 7