# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**DEREK MILLS,**

      Plaintiff,

      v.                      **Case No. 20-CV-381**

**THOMAS NELSON, et al.,**

      Defendants.

## DECISION AND ORDER ON DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT

Plaintiff Derek Mills, a Wisconsin inmate representing himself, filed a lawsuit under 42 U.S.C. § 1983, alleging that defendants violated the Eighth Amendment when they failed to protect him from another inmate. Before me is defendants' motion for summary judgment. For the reasons explained below, I will grant the motion and dismiss this case.

## RELEVANT FACTS[1]

Mills is incarcerated at Waupun Correctional Institution. (ECF No. 15 at ¶1.) At the relevant time, defendant Robert Drehmel was a Correctional Sergeant and defendant Thomas Nelson was a Lieutenant. (*Id.* at ¶3-4.) On December 17, 2019, Mills approached Drehmel and handed him a note that he said inmate Julius

---

[1] Mills did not respond to defendants' proposed findings of fact as required by Civil L.R. 56(b)(2)(B)(i), so the Court deems the facts admitted for the purpose of deciding summary judgment. Civil L.R. 56(b)(4).

Garrison had written. (*Id.* at ¶6.) Mills wanted Garrison placed in temporary lockup. (*Id.* at ¶8.) Drehmel does not have authority to separate inmates, so he says he told Mills he would give the note to a supervisor who would determine what to do. (*Id.* at ¶¶7, 10.)

Drehmel then called Nelson and gave him the note. (ECF No. 15 at ¶¶11-12.) Nelson talked to Mills and told him he would investigate. (*Id.* at ¶17.) Nelson says he told Mills that, if Garrison wrote the note, staff would place him in temporary lockup pending further investigation. (*Id.*) After reviewing the note, Nelson suspected that Mills had written it. (*Id.* at ¶18.) Nelson explains that Mills writes a lot of notes, and he always dots his "i" with a circle instead of a dot. (*Id.* at ¶¶18-19.) Nelson collected writing samples from Mills' cell to compare them to the note. (*Id.* at ¶20.) Nelson also consulted another officer for a second opinion. (*Id.* at ¶21.) They compared the note to other notes from Mills and Garrison and determined the note was written by Mills. (*Id.* at ¶21.)

Because he determined Mills had written the note, Nelson did not believe Mills was in immediate danger from Garrison, so Nelson did not take further action. (ECF No. 15 at ¶23.) Nelson explains that it is common for inmates to manufacture threats from other inmates for secondary gain. (*Id.* at ¶24.) He says that, almost daily, the security office receives notes from inmates who claim they are being threatened and ask to be moved to a cell that is quieter or closer to friends. (*Id.*) Drehmel and Nelson assert that, before they left for the day, the informed second-shift staff that Mills reported he had been threatened by Garrison. (*Id.* at ¶25.)

After Drehmel and Nelson ended their workday, Garrison slapped Mills. (ECF No. 15 at ¶26.) Staff placed Garrison in temporary lockup and issued a conduct report to him. (*Id.* at ¶27.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is required where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). When considering a motion for summary judgment, the court takes evidence in the light most favorable to the non-moving party and must grant the motion if no reasonable juror could find for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact cannot be disputed or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

3

Fed. R. Civ. P. 56(c)(1)(A)-(B). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## ANALYSIS

Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of the inmates." *Balsewicz v. Pawlyk*, 963 F.3d 650, 654 (7th Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). For a prisoner to prevail on a claim that a prison official failed to protect him from another inmate, the prisoner must prove two components, one objective and one subjective. *Id.* First, the prisoner must show that he was "exposed to a harm that was objectively serious." *Id.* (citing *Farmer*, 511 U.S. at 834). Second, he must show that the prison official "kn[ew] of and disregarded an excessive risk to the inmate's health or safety." *Id.* (citing *Farmer*, 511 U.S. at 837-38).

Mills asserts that Garrison "physically assaulted" him hours after he told defendants that Garrison had threatened him in a note. (ECF No. 20 at 2.) Defendants explain that Garrison slapped Mills with an open hand. Although arguably insignificant, a jury could reasonably conclude that this "is the kind of in-prison assault that is simply not part of the penalty that criminal offenders pay for their offenses against society." *Balsewicz*, 963 F.3d at 654 (internal quotation marks and citations omitted). However, no jury could reasonably conclude that defendants were deliberately indifferent to the risk of harm that Mills faced.

4

To prevail on his claim, Mills must show that defendants disregarded an excessive risk to his health or safety. Mills fails to present any evidence from which a jury could reasonably reach such a conclusion. With regard to Drehmel, Mills asserts that he should have immediately placed Garrison in temporary lockup, but Drehmel explains that he did not have the authority to do that, only supervisors have that authority. As such, Drehmel did all that was in his power to do—he immediately notified a supervisor and gave him the note so the supervisor could decide how to proceed. Drehmel's response is the opposite of deliberate indifference. He did not disregard the risk to Mills' safety; he promptly responded to it. Drehmel is entitled to summary judgment.

Similarly, no jury could reasonably conclude that Nelson disregarded a risk to Mills' safety. Nelson got the note from Drehmel and began an investigation. Because the handwriting looked like Mills' handwriting, he gathered writing samples from Mills and Garrison and compared them to the note. He also sought the second opinion of another officer, who agreed the note matched Mills' handwriting.

Mills insists that Garrison wrote the note, but the Seventh Circuit has repeatedly said that prison staff do not have to believe everything an inmate says, especially if the staff member investigates the threat. *See Olson v. Morgan*, 750 F.3d 708, 713 (7th Cir. 2014). Nelson investigated the note and decided Mills had forged it. As Nelson explains, inmates frequently falsely claim they are in danger for secondary gain. Nelson concluded that Mills had written the note to get Garrison

placed in temporary lockup, and Mills has presented no evidence suggesting that Nelson's conclusion was unreasonable.

Further, even though Nelson concluded the note was forged and even though defendants did not know of any bad blood between the inmates and had never seen Garrison threaten Mills, they informed second shift staff of Mills' concerns. On this record, no reasonable fact finder could conclude that defendants were deliberately indifferent to the risk Mills faced. Defendants are entitled to summary judgment.

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment (ECF No. 13) is **GRANTED** and this case is **DISMISSED**.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time,

Case 2:20-cv-00381-NJ   Filed 02/17/21   Page 6 of 7   Document 24

generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 17th day of February, 2021.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge